Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Zachary Gershman (State Bar No. 328004)
Zachary@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for Plaintiff James Milam,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Milam, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Penske Logistics LLC; and Does 1 through 20, inclusive,<br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods;<br>2. Failure to Permit Rest Breaks;<br>3. Failure to Pay Minimum Wages;<br>4. Failure to Pay Overtime Wages;<br>5. Failure to Provide Accurate, Itemized Wage Statements;<br>6. Failure to Pay All Final Wages;<br>7. Failure to Maintain Accurate Records; and<br>8. Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff James Milam, individually and on behalf of others similarly situated, alleges as follows:

## **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.     Plaintiff James Milam ("Plaintiff") brings this putative class action against defendants Penske Logistics LLC ("Defendant") and Does 1 through 20, inclusive (collectively, "Defendants"), on behalf of himself individually and a putative class of non-exempt employees employed by Defendants.

2.     Defendant Penske Logistics LLC is a Delaware corporation and provides supply chain management and logistics solutions to leading brands around the World, which provides employment to employees in California.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)     Failing to provide legally compliant meal periods or compensation in lieu thereof;

(b)     Failing to provide legally compliant rest breaks or provide compensation in lieu thereof;

(c)     Failing to timely pay minimum, regular, and/or overtime wages for all hours worked;

(d)     Failing to provide accurate, itemized wage statements;

(e)     Failing to timely pay all final wages; and

(f)     Failure to maintain accurate records.

1  5. Plaintiff brings this lawsuit seeking monetary relief against

2 Defendants on behalf of herself and all others similarly situated in California to

3 recover, among other things, unpaid wages and benefits, interest, attorneys' fees,

4 costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210,

5 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198,

6 and 1199.

7 **JURISDICTION AND VENUE**

8  6. The Court has subject matter jurisdiction over this case because this is

9 a class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure,

10 Plaintiff and Defendants are citizens of different states, and the amount in

11 controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff's

12 individual damages are less than $75,000.

13  7. This Court has personal jurisdiction over Defendants because they

14 have had sufficient minimum contacts with California. Defendants have

15 purposefully availed themselves of the California market and the laws of California

16 so as to render the exercise of jurisdiction over them consistent with traditional

17 notions of fair play and substantial justice. This Court has jurisdiction over all

18 Defendants because, upon information and belief, they are citizens of California,

19 have sufficient minimum contacts in California, or otherwise intentionally avail

20 themselves of the California market so as to render the exercise of jurisdiction over

21 them by the California courts consistent with traditional notions of fair play and

22 substantial justice.

23  8. Venue is proper in this Court because, upon information and belief,

24 Plaintiff was employed by Defendants in this district, Defendants reside, transact

25 business, or have offices in this district, and the acts and omissions alleged herein

26 took place in this district.

27 ///

28 ///

## THE PARTIES

9.     Plaintiff is a citizen of California.   Plaintiff was employed by Defendants as a Material Handler during the Class Period in California.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

11.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names Does 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their names and capacities become known.

12.     Plaintiff is informed and believes, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or Does 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

14.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

-3-

15.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

17.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18.     Plaintiff's proposed Class consists of and is defined as follows:

> Class
> All current and former non-exempt employees who worked
> for Defendants in the State of California from four years plus
> 178 days before the filing of this complaint to the date of
> trial.[1]

19.     Plaintiff also seeks to certify the following Subclass of employees:

> Waiting Time Subclass
> All members of the Class who separated their employment from
> Defendants from four years plus 178 days before the filing of this
> complaint to the date of trial.

20.     Members of the Class described above will be collectively referred to as "Class Members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

21.     This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are common questions of law and fact as to the Class that predominate over

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

questions affecting only individual members including, but not limited to:

    (a) Whether Defendants failed to compensate Plaintiff and Class Members for work off-the-clock, resulting in a failure to pay all minimum wages and overtime wages;

    (b) Whether Defendants failed to pay Plaintiff and Class Members overtime wages at the proper regular rate by failing to include all bonuses in their regular rate calculation and by failing to pay all bonuses earned;

    (c) Whether Defendants deprived Plaintiff and Class Members of compliant meal periods or required Plaintiff and Class Members to work through meal periods without compensation;

    (d) Whether Defendants deprived Plaintiff and Class Members of compliant rest breaks;

    (e) Whether Defendants failed to pay meal and rest period premiums at the regular rate of pay;

    (f) Whether Defendants deprived Plaintiff and Class Members of accurate, itemized wage statements;

    (g) Whether Defendants failed to pay Plaintiff and Class Members all final wages due upon termination or separation of employment;

    (h) Whether Defendants failed to maintain accurate records; and

    (i) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

22. There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

    (a) <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by

inspection of Defendants' employment and payroll records.

(b) <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.  Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as

a class action.

    (e)    <u>Public Policy Considerations</u>:    Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

23.    At all relevant times mentioned herein, Defendants employed Plaintiff and other Class Members as non-exempt employees.

24.    Plaintiff was employed in a non-exempt position by Defendants.

25.    Defendants continue to employ non-exempt employees throughout California.

26.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants failed to provide Plaintiff and Class Members timely, uninterrupted, off-duty meal periods of no less than thirty minutes for each period of five hours worked.  Plaintiff and Class Members would also often be required to work through meal periods or would be otherwise interrupted during their meal period.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive

-7-

all required meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when they did not receive a timely meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all timely meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

29.    Upon information and belief, Defendants failed to provide Plaintiff and Class Members timely, uninterrupted, on-the-clock rest period of no less than ten minutes for every four hours worked, or every major fraction thereof. Defendants also routinely failed to provide Plaintiff and Class Members with a second rest period for shifts lasting longer than six hours, or a third rest period for shifts lasting longer than ten hours. These policies, among others, have resulted in a denial of these employees' rights to a ten-minute rest period in violation of California law.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when a rest break was missed.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all hours worked and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid wages (including minimum wages and overtime wages) when Defendants required Plaintiff and Class Members to work off-the-clock. For example, Plaintiff and Class Members' workloads could not be reasonably completed within their scheduled hours, and Defendants directed,

pressured, compelled, and/or otherwise coerced Plaintiff and Class Members to regularly perform their job duties while clocked out for their meal periods, and Defendant improperly considered time spent by Plaintiff and Class Members working through meal periods as non-compensable and failed to provide any renumeration.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all overtime hours worked and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid overtime wages at the correct regular rate when Defendants failed to include all bonuses in their regular rate calculation and failed to pay all bonuses earned.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, inclusive dates of pay periods, total hours worked, and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Defendants were required to maintain accurate and complete records. In violation of the Labor Code, Defendants failed to accurately record employee hours worked and/or paid including wages owed for off-the-clock time and meal and rest premiums.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Defendants were required to pay all wages to Plaintiff and Class Members at the separation of their employment but, in violation of the Labor Code, failed to do so.

1  Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
2  should have known they had a duty to compensate Plaintiff and Class Members,
3  and Defendants had the financial ability to pay such compensation but willfully,
4  knowingly and intentionally failed to do so all in order to increase Defendants'
5  profits.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Cal. Labor Code §§ 204, 226.7, and 512; Violation of IWC Wage Order)**

36.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

37.    Cal. Labor Code Section 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

38.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

39.    Cal. Labor Code Section 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

40.    Labor Code Section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the

second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

41. During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for each five hours worked per day. For example, Defendants assign workloads that cannot reasonably be completed within Plaintiff's and Class Members' scheduled hours, and Defendants direct, compel, and/or otherwise coerce Plaintiff and Class Members to work through their meal periods without being paid meal period premiums.

42. Cal. Labor Code Section 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay for each workday that a meal period is not provided.

43. At all relevant times, Defendants often failed to pay Plaintiff and Class Members meal period premiums for meal period violations at the regular rate of pay, including all non-discretionary bonuses, pursuant to Labor Code Section 226.7(b) and section 11 of the applicable IWC Wage Order.

44. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FAILURE TO PERMIT REST BREAKS**</u>

**(Violation of Cal. Labor Code § 226.7; Violation of IWC Wage Order)**

45. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

46. Cal. Labor Code Section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

47. Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as

-11-

practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

48.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.  Defendants routinely failed to provide Plaintiff and Class Members with a second rest period for shifts lasting eight hours or longer, or a third rest period for shifts lasting twelve hours or longer.  Moreover, due to work demands imposed by Defendants, Plaintiff and Class Members were regularly prevented from being relieved of all work duties during required rest periods.

49.     Labor Code Section 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.     At all relevant times, Defendants failed to pay Plaintiff and Class Members all rest period premiums at their regular rate of compensation, including all non-discretionary bonuses, due for rest period violations pursuant to Labor Code Section 226.7(b) and section 12 of the applicable IWC Wage Order.

51.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

**(Violation of Cal. Labor Code §§ 210, 1194, 1194.2, 1197, and 1197.1;**

**Violation of IWC Wage Order)**

52.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

53. Cal. Labor Code Sections 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

54. During the relevant time period, Defendants paid Plaintiff and Class Members less than minimum wages when Defendants required Plaintiff and Class Members to work off-the-clock. For example, Plaintiff and Class Members' workloads could not be reasonably completed within their scheduled hours, and Defendants directed, pressured, compelled, and/or otherwise coerced Plaintiff and Class Members to regularly perform their job duties while clocked out for their meal periods, and Defendant improperly considered time spent by Plaintiff and Class Members working through meal periods as non-compensable and failed to provide any renumeration, resulting in Plaintiff and Class Members not being paid minimum wages for all hours worked.

55. During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiff and Class Members for all hours worked pursuant to Cal. Labor Code Sections 1194 and 1197.

56. Defendants' failure to pay Plaintiff and Class Members the required minimum wages violate Labor Code 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

57. Pursuant to Labor Code Section 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

///

# FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Cal. Labor Code §§ 210, 510, 1194, and 1198; Violation of IWC Wage Order)

58.     Cal. Labor Code Section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

59.     Pursuant to Cal. Labor Code Sections 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and Labor Class Members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

60.     Plaintiff and Class Members were non-exempt employees entitled to the protections of Cal. Labor Code Section 510 and 1194.

61.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime and doubletime wages when Defendants required Plaintiff and Class Members to work off-the-clock.  For example, Plaintiff and Class Members' workloads could not be reasonably completed within their scheduled hours, and Defendants directed, pressured, compelled, and/or otherwise coerced Plaintiff and Class Members to regularly perform their job duties while clocked out for their meal periods, and Defendant improperly considered time spent by Plaintiff and Class Members working through meal periods as non-compensable and failed to provide any renumeration.  As Plaintiff and Class Members worked shifts of eight hours or more, this unpaid time qualified for overtime premium payment.

62.     In addition, Defendants failed to pay Plaintiff and Class Members

overtime wage at the proper regular rate of pay by failing to include all bonuses in the regular rate calculation and by failing to pay Plaintiff and Class Members all bonuses earned.

63.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned as alleged above.

64.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Cal. Labor Code Sections 510 and 1198, and is therefore unlawful.

65.     Pursuant to Labor Code Section 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Cal. Labor Code § 226; Violation of IWC Wage Order)

66.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

67.     Cal. Labor Code Section 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate by the employee.

68. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Cal. Labor Code Section 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, all applicable hourly rates in effect, and the correct number of hours worked at each hourly rate by Plaintiff and Class Members.

69. As a result of Defendants' violation of Cal. Labor Code Section 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code Section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code Section 226(a). Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

70. California Labor Code Section 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code Section 226(a).

71. Defendants' violations of California Labor Code Section 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply

-16-

with California Labor Code Section 226(a), Plaintiff and Class Members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

72.     Plaintiff and Class Members are also entitled to injunctive relief under California Labor Code Section 226(h), compelling Defendants to comply with California Labor Code Section 226 and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL FINAL WAGES

**(Violation of Cal. Lab. Code §§ 201-203; Violation of IWC Wage Order)**

73.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

74.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

75.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Class Members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime and doubletime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

76.     Defendants' failure to pay Plaintiff and Class Members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

77.     California Labor Code § 203 provides that if an employer willfully fails

-17-

to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN ACCURATE RECORDS**

**(Violation of Cal. Lab. Code §§ 226, 1174, and 1174.5; Violation of IWC Wage Order)**

78.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

79.     California Labor Code § 1174(d) provides in pertinent part, "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by  and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years.  An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

80.     Pursuant to Labor Code § 226(a), an employer must keep a copy of the wage statements furnished and the record of deductions on file for at least three years.

81.     Labor Code § 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.  This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code § 2699 for a violation of Labor Code § 1174(d).

82.     Labor Code § 226(e)(1) further entitles an employee suffering an injury as a result of an employer's failure to comply with Labor Code § 226(a) to recover

the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

83.     During the relevant time period, Defendants intentionally and willfully failed to maintain accurate payroll and/or employee records that properly show, among other things, the total number of hours worked, the proper beginning and end of each work period, the beginning and end of each meal period, all earned wages, and all wages paid to Plaintiff and Class Members.

84.     Plaintiff and Class Members are entitled to and seek damages and penalties as outlined in Labor Code § 226(e)(1) and 1174.5.

85.     Plaintiff, on behalf of himself and as a Private Attorney General on behalf of the State of California, is entitled to and seeks to recover reasonable attorneys' fees and costs as provided by Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*)

86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87.     Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and Class Members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

88.     Defendants' activities, as alleged herein, violates California law and constitutes unlawful business acts or practices in violation of California Business and Professions Code Sections 17200, *et seq.*

89.     A violation of Cal. Business and Professions Code §§ 17200, *et seq.*

-19-

may be predicated on the violation of any state or federal law.

90.     Defendants' policies and practices have violated state law in at least the following respects:

    (a) Failing to provide timely meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 204, 226.7, and 512;

    (b) Failing to authorize or permit rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

    (c) Failing to pay all minimum wages to Plaintiff and Class Members in violation of Labor Code §§ 210, 1194, 1194.2, 1197, and 1197.1;

    (d) Failing to pay all overtime wages to Plaintiff and Class Members in violation of Labor Code §§ 210, 510, 1194, and 1198;

    (e) Failing to provide accurate, itemized wage statements in violation of Labor Code § 226;

    (f) Failing to pay Plaintiff and Class Members all final wages in violation of Labor Code §§ 201-203; and

    (g) Failing to maintain accurate and complete records in violation of Labor Code §§ 226, 1174, and 1174.5.

91.     Defendants intentionally avoided paying Plaintiff and Class Members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

92.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and Class Members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

# **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.     For appointment of James Milam as the class representative;

3.     For appointment of Lebe Law, APLC as class counsel for all purposes;

4.     For compensatory damages in an amount according to proof with interest thereon;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to California Labor Code sections 226(e) and 1194;

7.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.     For restitution as provided by Business and Professions Code sections 17200, *et seq.*;

9.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.     For pre-judgment interest;

12.     For civil penalties; and

///

13. For such other relief as the Court deems just and proper.

Dated: January 26, 2024          **Lebe Law, APLC**

By: _____/s/ Jonathan M. Lebe_____
Jonathan M. Lebe
Zachary T. Gershman
Brielle D. Edborg
Attorneys for Plaintiff James Milam,
Individually and on behalf of all others
similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: January 26, 2024          **Lebe Law, APLC**

By: _____/s/ Jonathan M. Lebe_____
Jonathan M. Lebe
Zachary T. Gershman
Brielle D. Edborg
Attorneys for Plaintiff James Milam,
Individually and on behalf of all others
similarly situated